Robert SMITH, Petitioner—Appellant,

v.

Gail LEWIS, Warden, Respondent—Appellee.

No. 03–56296.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 2004.

Decided Nov. 29, 2004.

Before: PREGERSON, TASHIMA, and PAEZ, Circuit Judges.

MEMORANDUM *

Robert Smith, a state prisoner convicted of furnishing cocaine, appeals the district court's denial of his petition for writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

We note first that Appellee contends that Smith failed to exhaust his ineffective assistance of counsel claim in state court. A state prisoner seeking a federal writ of habeas corpus must first exhaust his federal claim by presenting both the legal substance and the operative facts to the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842–45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Nevertheless, because a court may deny a habeas petition on its merits despite the petitioner's failure to exhaust, we bypass the exhaustion issue and proceed directly to the merits of Smith's ineffective assistance of counsel claim. *See* 28 U.S.C. § 2254(b)(2); *Franklin v. Johnson,* 290 F.3d 1223, 1232 (9th Cir.2002).

Smith contends that his trial counsel provided ineffective assistance of counsel because her decision not to present allegedly exculpatory testimony from a former co-defendant was based on a misunderstanding of the law. We review de novo a

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

district court's decision to grant or deny a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. *Beardslee v. Woodford,* 358 F.3d 560, 568 (9th Cir.), *cert. denied,* —— U.S. ——, 125 S.Ct. 281, 160 L.Ed.2d 68, 2004 WL 2154636 (U.S. Oct. 4, 2004). Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner must demonstrate that the state court's adjudication of the merits resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1); *Lockyer v. Andrade,* 538 U.S. 63, 70–73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). A petitioner claiming ineffective assistance of counsel must show (1) that his attorney's representation fell below an objective standard of reasonableness, and (2) that he was prejudiced by his attorney's deficient performance. *Strickland v. Washington,* 466 U.S. 668, 687–88, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ First, Smith argues that his trial counsel misunderstood the law in reasoning that the testimony of his former co-defendant, Richard Carl, would have supported a conviction for simple possession of cocaine. Smith contends (1) that Carl could have testified that he obtained the cocaine from someone other than Smith and (2) that Carl then could have invoked his privilege against self-incrimination to avoid revealing that Carl then gave the cocaine to Smith. Under California law, however, a trial court has discretion to strike the direct examination testimony of a witness who refuses to answer questions on cross examination. *See People v. Price,* 1 Cal.4th 324, 3 Cal.Rptr.2d 106, 821 P.2d 610, 664 (1991). Because it is unclear whether a trial court would have admitted Carl's statement that Smith was not the person from whom he purchased cocaine, we conclude that counsel's decision not to use Carl's testimony was "a judgment call within the range of competent counsel." *See Jackson v. Calderon,* 211 F.3d 1148, 1157 (9th Cir.2000).

■ Second, Smith argues that counsel's reasoning that Carl's testimony might expose Smith to aiding and abetting liability was based on a misunderstanding of the law because the actions that Carl intended to testify to did not amount to aiding and abetting. Carl would have testified that Smith told him where to buy cocaine and that Carl then went to the specified location, bought cocaine, and later gave some cocaine to Smith. Counsel's fear that such testimony might expose Smith to aiding and abetting liability was not objectively unreasonable. *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052 ("[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."); *People v. Morante,* 20 Cal.4th 403, 84 Cal.Rptr.2d 665, 975 P.2d 1071, 1091 (1999) (stating that, under California law, a person is liable as an aider and abettor "when he or she aids the perpetrator of an offense, knowing of the perpetrator's unlawful purpose and intending, by his or her act of aid, to commit, encourage, or facilitate commission of the offense") (internal quotation marks and citation omitted).

For the foregoing reasons, we conclude that the state courts' rejection of Smith's ineffective assistance of counsel claim was not contrary to, and did not involve an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). The district court's denial of Smith's petition for writ of habeas corpus therefore is AFFIRMED.